UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:98-cr-00220 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| CAROLYN MARIE RICKETTS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned by the Honorable Richard Alan Enslen for a report and recommendation on a Petition for Warrant for Offender Under Supervision entered October 5, 2007. As the Court will recall, defendant was originally convicted of using the telephone to facilitate a drug trafficking crime and misprison of a felony. She was sentenced to a four year prison term for using a telephone to facilitate a drug trafficking crime and a three year prison term for misprison of a felony, to be served consecutively followed by two one year periods of supervised release to run consecutively.

Defendant appeared before the undersigned on November 1, 2007 for a final hearing regarding allegations of violation of the conditions of her supervised release. Defendant was represented by appointed counsel, Michael Robert Bartish. The Petition alleges that defendant violated Additional Condition No. 6 that she abstain from all use of alcoholic beverages.

At the November 1, 2007 hearing, defendant admitted guilt to the violation contained in the Petition for Warrant for Offender Under Supervision entered October 5, 2007. Specifically, defendant admitted under oath that on the date of September 30, 2007, she consumed alcohol to the point of drunkenness. The preliminary breath test showed a blood alcohol content on .144 percent. On that same day defendant was also the victim of domestic violence.

It is recommended that the previously imposed term of supervision be revoked. It is further recommended that, pursuant to the Sentencing Reform Act of 1984, defendant be committed to the custody of the Bureau of Prisons for time served, and that an additional term of supervised release of 24 months be commenced. It is further recommended that all previous conditions, as ordered on December 14, 2000, be reinstated with the following additions:

- The defendant shall reside for a period of eight months at the Kalamazoo Probation Enhancement Program (KPEP), Kalamazoo, Michigan, with work release and educational privileges, and shall observe the rules of that facility.

- The defendant shall obtain and maintain verifiable full time employment.

These recommendations are made because defendant appears to be utilizing the all-women KPEP Program to her benefit. She has been participating in substance abuse treatment as well as searching for employment. It was the Probation Officer's opinion that part of defendant's difficulty in finding employment was a result of her residence in Pullman, and that she would probably have

more success in Kalamazoo.  Whether defendant will be able to break a pattern of substance abuse and relationships in which she is physically abused is unclear.  However, she seems sincere in her resolve to do so.

Respectfully submitted,

Date:  November 1, 2007    /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

**NOTICE TO PARTIES**

You have the right to review of the foregoing findings by the district judge.  Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the filing of this Report and Recommendation.